IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BILLY NARIECE STEVENSON | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-07-CV-0846-G |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Billy Nariece Stevenson, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

On November 2, 2000, petitioner pled guilty to burglary of a habitation and was sentenced to 10 years probation. While on probation, petitioner allegedly failed a drug test. On August 1, 2005, the trial court revoked petitioner's probation and sentenced him to prison. Petitioner did not appeal his underlying conviction or his probation revocation. Instead, he challenged his conviction and probation revocation in separate applications for state post-conviction relief. One application was dismissed for non-compliance. *Ex parte Stevenson*, No. 64,085-02 (Tex. Crim. App. Aug. 30, 2006). A second application was dismissed because petitioner had discharged his sentence. *Ex parte Stevenson*, No. 64,085-04 (Tex. Crim. App. Mar. 26, 2007). Petitioner then filed this action in federal district court.

II.

In multiple claims, petitioner challenges his underlying burglary conviction on the grounds that: (1) he received ineffective assistance of counsel which resulted in an involuntary guilty plea; (2) the evidence was insufficient to support his conviction; and (3) he is actually innocent.

By order dated June 8, 2007, the court *sua sponte* questioned whether this case was time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner addressed the limitations issue in a written reply filed on June 18, 2007. The court now determines that this action should be dismissed on limitations grounds.[1]

A.

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] It appears that petitioner may have failed to exhaust his state remedies because the state writ challenging his underlying burglary conviction was dismissed for non-compliance. However, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). This statute also authorizes the dismissal of a federal habeas petition on limitations grounds. *See Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 1498 (2001); *Crane v. Cockrell*, No. 3-01-2165-D, 2002 WL 31780861 at *2 (N.D. Tex. Dec. 5, 2002).

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *Id.* § 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner pled guilty to burglary of a habitation and was sentenced to 10 years probation. Judgment was entered on November 2, 2000 and no appeal was taken. Therefore, petitioner's conviction became final for limitations purposes 30 days thereafter on December 4, 2000.[2] *See* TEX. R. APP. P. 26.2 (notice of appeal in criminal case must be filed within 30 days after sentence is imposed); *Caldwell v. Dretke*, 429 F.3d 521, 530 (5th Cir. 2005), *cert. denied*, 127 S.Ct. 431 (2006) (order placing defendant on probation or deferred adjudication community supervision is a final judgment for purposes of AEDPA statute of limitations). Yet petitioner waited more than *five years* before seeking state or federal post-conviction relief.

In an attempt to avoid the dismissal of his case, petitioner argues that he is actually innocent and that the failure to consider his claims would result in a "fundamental miscarriage of justice." (*See* Pet. Reply at 2-4). Equitable tolling is not permitted merely because petitioner believes he is entitled to relief. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) ("Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action

---

[2] The 30th day after judgment was entered fell on Saturday, December 2, 2000. As a result, petitioner had until the following Monday, December 4, 2000, to file a notice of appeal. *See* TEX. R. APP. P. 4.1(a).

or is prevented in some extraordinary way from asserting his rights."). Even a claim of actual innocence does not constitute a "rare and exceptional" circumstance sufficient to toll the AEDPA statute of limitations. *See, e.g. Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.), *cert. denied*, 121 S.Ct. 622 (2000); *Garcia v. Dretke*, No. 3-05-CV-2334-B, 2006 WL 249951 at *2 (N.D. Tex. Jan. 11, 2006), *COA denied*, No. 06-10264 (5th Cir. Sept. 12, 2006) (citing cases).

Petitioner also alludes to "newly discovered evidence" that supports his actual innocence claim. (*See* Pet. Reply at 3). However, petitioner does not identify this new evidence or explain why it could not have been discovered sooner. Without more, petitioner has not come close to establishing a basis for equitable tolling. *See Tutt v. Dretke*, No. 4-05-CV-0573-Y, 2005 WL 3742815 at *2 (N.D. Tex. Nov. 9, 2005), *COA denied*, No. 05-11471 (5th Cir. Oct. 24, 2006) ("newly discovered evidence" did not warrant equitable tolling where petitioner could have discovered evidence before or during trial with due diligence).

Finally, petitioner argues that application of the AEDPA statute of limitations would deprive him of access to the courts. (*See* Pet. Reply at 4-5). Although denial of access to the courts may constitute a basis for equitable tolling if a prisoner is prevented from timely filing a habeas petition due to the actions of prison officials, *see Egerton v. Cockrell*, 334 F.3d 433, 448 (5th Cir. 2003), no such showing has been made here.[3]

## RECOMMENDATION

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

---

[3] To the extent petitioner argues that the AEDPA statute of limitations violates the Suspension Clause of Article I, § 9 of the United States Constitution, that argument has been rejected by the Fifth Circuit. *See Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 26, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE